UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KUSHAWN S. MILES,

    Plaintiff,

v.

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

Case No. 2:23-cv-31

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a Complaint in February 2023 against nine Defendants, alleging various federal and state-law claims arising from his exposure to animal dander in various correctional facility locations for several years, beginning at some point in early 2017 (ECF No. 1).[1] Some Defendants and claims were dismissed following this Court's screening decision (ECF No. 9). The remaining Defendants moved for summary judgment, and the matter was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion as to Plaintiff's federal claims, decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, and close this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendants filed a response to Plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of

---

[1] Plaintiff indicates that he "eventually" received a Special Accommodation Notice from a medical provider and was moved to a housing unit "without dogs" (Compl. ¶ 77, ECF No. 1 at PageID.12).

Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I. STANDARD OF REVIEW

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.* "Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof." *Id.*

Objections must address the "factual and legal" issues "at the heart of the parties' dispute" to enable review by the district court. *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Objections that dispute only the general correctness of the report and recommendation are insufficient. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (reasoning that where a party files an objection that is not sufficiently specific, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks")). *See also Brown v. City of Grand Rapids, Mich.*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72.").

## II.  ANALYSIS

A. <u>**Plaintiff's Objections to the Magistrate Judge's First Amendment Analysis**</u>

### 1.  Prison Counselor Adam Pancheri

The Magistrate Judge determined that Defendant Pancheri was entitled to summary judgment on Plaintiff's First Amendment retaliatory transfer claim against him because Plaintiff could not show that an adverse action occurred where (1) Pancheri had "no authority" to transfer Plaintiff and "no input in where [he] would be transferred," and (2) Plaintiff's ability to access the courts was not demonstrably affected by his transfer (R&R, ECF No. 45 at PageID.454–455). Additionally, the Magistrate Judge noted that even if Plaintiff could demonstrate that Pancheri wanted him transferred to a different facility because Plaintiff filed too many grievances, the Sixth Circuit has held that a prisoner may be legitimately transferred in order "to give prison staff a respite from his continuous barrage of grievances" (*id.* at PageID.455, n.1, quoting *Griffin v. Berghuis*, 563 F. App'x 411, 416 (6th Cir. 2014)).

In his objections, Plaintiff argues that when analyzing his First Amendment retaliatory transfer claim against Defendant Pancheri, the Magistrate Judge did not view the facts in the light most favorable to Plaintiff and "disregarded" portions of Plaintiff's affidavit, the affidavit of another inmate, and the "MDOC Security Classification Screen–Review" that Pancheri signed (Pl. Obj., ECF No. 46 at PageID.467–472). According to Plaintiff, his evidence demonstrates a genuine issue of fact about whether Defendant Pancheri "selected" or "chose" Plaintiff for the transfer (*id*. at PageID.467, 471–472).

While Plaintiff disagrees with the Magistrate Judge's recommendation, he has not identified any factual or legal error by the Magistrate Judge. The Magistrate Judge properly recognized that the court must consider all pleadings, depositions, affidavits, and admissions on

3

file, and draw all justifiable inferences in favor of the party opposing the motion (R&R, ECF No. 45 at PageID.452). Plaintiff assigns much import to Pancheri's routine preparation of the security classification screen, but he wholly fails to address—let alone demonstrate error in—the Magistrate Judge's determination that Pancheri was not involved in the ultimate transfer decision, including the selection of the location to where Plaintiff would be transferred. Plaintiff also wholly fails to address—let alone demonstrate error in—the Magistrate Judge's determination that Plaintiff did not demonstrate how his access to the courts was affected by the transfer. And Plaintiff wholly fails to address—let alone demonstrate error in—the Magistrate Judge's point that a transfer motivated by the need for a respite from grievances is legitimate. Accordingly, Plaintiff fails to demonstrate any error in the Magistrate Judge's ultimate conclusion that Defendant Pancheri is entitled to summary judgment on his First Amendment retaliatory transfer claim.

### 2. *Warden Sarah Schroeder & Deputy Warden Dean Potila*

The Magistrate Judge determined that Defendants Schroeder and Potila were also entitled to summary judgment on Plaintiff's First Amendment retaliation claims against them because they showed that no adverse action occurred (R&R, ECF No. 45 at PageID.457). Specifically, the Magistrate Judge determined that Defendants Schroeder and Potila demonstrated that they informed Plaintiff that "if he could get a medical detail for placement away from the [Alger Correctional Facility (LMF)] dog program, he would be accommodated" (*id.*).

In his objections, Plaintiff again argues that the Magistrate Judge failed to view the facts in the light most favorable to him and "disregarded" portions of Plaintiff's affidavit and the affidavit of another inmate (Pl. Obj., ECF No. 46 at PageID.473–476). According to Plaintiff, his evidence demonstrates a genuine issue of fact concerning whether Defendants took an adverse action against him in threatening to put him in a more restrictive living environment (*id.*).

However, as the Magistrate Judge set forth, the record does not support the proposition that Plaintiff was "threatened" and indicates instead that Plaintiff was informed that he would be "waiv[ed] into a higher security level at LMF, if he obtained a medical detail to be away from the Level II dog program, until he could be transferred to a different facility" (R&R, ECF No. 45 at PageID.457–458).  Plaintiff's objections are therefore properly denied.

B.     **Plaintiff's Objection to the Magistrate Judge's Eighth Amendment Analysis**

The Magistrate Judge determined that Defendants Pancheri, Schroeder, and Potila were entitled to summary judgment on Plaintiff's Eighth Amendment claims because they could not have acted with deliberate indifference where they sought the advice of prison medical staff, who informed them that Plaintiff was appropriately housed and did not need to transfer due to medical reasons (R&R, ECF No. 45 at PageID.460–461, citing *McGaw v. Sevier County*, 715 F. App'x 495, 498–99 (6th Cir. 2017) ("Where … an officer responds to a substantial risk of serious harm by asking for and following the advice of a professional the officer believes to be capable of assessing and addressing that risk, then the officer commits no act of deliberate indifference in adhering to that advice.")).

In his objections to the Magistrate Judge's analysis of his Eighth Amendment claims, Plaintiff argues that the Magistrate Judge failed to view the facts in the light most favorable to him and "disregarded" the evidence he submitted that demonstrated his serious medical needs and Defendants' failure to take proper measures to protect prisoners (Pl. Obj., ECF No. 46 at PageID.477–480).  Plaintiff's objection, which fails to address the Magistrate Judge's analysis, concomitantly fails to demonstrate any error by the Magistrate Judge.  Plaintiff's objection is therefore properly denied.

**C.     Plaintiff's Objection to the Magistrate Judge's ADA & RA Analysis**

The Magistrate Judge determined that Defendants State of Michigan, Michigan Department of Corrections (MDOC), and Bureau of Health Care Services (BHCS) were entitled to summary judgment on Plaintiff's claims under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) because (1) "allegations of inadequate medical treatment do not state a claim for relief under the ADA or RA," and (2) Plaintiff "has not provided allegations much less evidence that he was denied the benefits of prison services or programs" (R&R, ECF No. 45 at PageID.464).

In his objections, Plaintiff again argues that the Magistrate Judge failed to view the facts in the light most favorable to Plaintiff and "disregarded" portions of Plaintiff's affidavit (Pl. Obj., ECF No. 46 at PageID.481–483). Plaintiff emphasizes that he has consistently claimed a reasonable accommodation denial, not a denial of medical treatment (*id.* at PageID.482). Plaintiff fails to address—let alone identify error in—the Magistrate Judge's determination that Plaintiff did not support his evidentiary burden. Plaintiff's objection is therefore properly denied.

**D.     Plaintiff's Objection to the Magistrate Judge's Recommendation re. his State-Law Claims**

Last, Plaintiff briefly objects to the Magistrate Judge's recommendation that this Court decline to exercise supplemental jurisdiction over his remaining state-law claims (Pl. Obj., ECF No. 46 at PageID.483), but the Magistrate Judge's recommendation is appropriate and well taken. Supplemental jurisdiction "'is a doctrine of discretion, not of plaintiff's right.'" *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) (citation omitted). When, as here, all federal claims are dismissed before trial, "the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 46) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 45) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 33) is GRANTED to the extent that Plaintiff's federal claims are DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 1367(c)(3), that this Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, which are DISMISSED WITHOUT PREJUDICE.

Dated: January 31, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge